WO                                                                                                          KAB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angel Lopez Garcia, | No. CV 20-01924-PHX-JAT (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Centurion of Arizona, LLC, et al., | |
| Defendants. | |

Plaintiff Angel Lopez Garcia, who is represented by counsel, filed this action pursuant to 42 U.S.C. § 1983 and Arizona state law. Before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5).

**I.    Background**

On screening the original Complaint under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated: (1) an Eighth Amendment claim against Defendants Stewart, Olmstead, and Smith based on deliberate indifference to serious medical needs, (2) an Eighth Amendment policy, practice, or custom claim against Defendant Centurion of Arizona ("Centurion"), (3) a state law medical malpractice claim against Defendants Stewart and Olmstead, (4) a state law medical malpractice claim against Defendant Centurion based on vicarious liability, and (5) a medical malpractice and negligence claim against Defendants Simons Physical Therapy and Jennings. (Doc. 7.)

The Court dismissed the fictitiously named Defendants and the Americans with Disabilities Act (ADA) claim in Count Five because it was improperly asserted against

certain Defendants in their individual capacities. (*Id.*) Plaintiff subsequently filed a First Amended Complaint reasserting the claims recognized in the Screening Order and asserted an additional ADA claim against the Arizona Department of Corrections (ADC).[1]

**II.   Plaintiff's Motion for Injunctive Relief**

In his Motion, Plaintiff asserts that while in the custody of the ADC, he has suffered from severe hip and spine impairments for which prison medical providers have prescribed a walker, wheelchair, ramps, handrails, medications, and ordered updated MRI exams and specialist consultations since the summer of 2019. (Doc. 5 at 1-2.) Plaintiff asserts that on September 29, 2020, Centurion discontinued all of Plaintiff's treatments and orders without explanation. (*Id.* at 2.) Plaintiff requests that the Court order that Centurion (1) be enjoined from denying, obstructing, interfering, or delaying Plaintiff's access to wheelchair, ramps, handrails, and medications, (2) be enjoined from denying, obstructing, interfering with, or delaying Plaintiff's access to his neurosurgeon, Dr. Iman Faez-Erfan of Valleywise Health, and the radiological exams, surgery, rehabilitation, and other diagnosis and treatment as deemed necessary by the neurosurgeon for Plaintiff's severe labral tear of right hip and degenerative conditions of his spine, (3) immediately transfer Plaintiff to a medical unit or ADA accessible unit within 7 days of the Court's Order, and (4) have a non-party medical provider assess Plaintiff's functional abilities to determine if Plaintiff has a disability that requires him to be transferred to an ADA-accessible facility. (*Id.* at 4.)

In Response, Defendants assert that Plaintiff has received a wheelchair despite evidence suggesting it is unnecessary, he has received or is receiving pain medications, he

---

[1] The docket reflects that the ADC was served on November 5, 2020, but has not yet appeared in this action. The Court notes that the proper party to an ADA claim is generally the State of Arizona or the Director of the ADC in his official capacity. *See Seawright v. Arizona*, No. CV 11–1304–PHX–JAT, 2012 WL 2191709, at *3 (D. Ariz. June 13, 2012) ("No Arizona state legislation provides the ADC with authority to sue or be sued. Since the ADC is a non-jural entity that is not authorized under Arizona law to sue or be sued, it is not a proper party and is subject to dismissal. *See generally* AZ ST T. 41, Ch. 11, Art. 1, *et seq.*"). Since the ADC has been served with the First Amended Complaint, the Court will take no further action with regard to this Defendant at this time.

has had MRIs, neurologist and orthopedic specialist examinations, including an EMG and he was scheduled for MRIs and specialist appointments scheduled within two weeks of the time the response was filed. (Doc. 26 at 2.) Defendants assert that Plaintiff has been provided medical ice, has a walker, and is being weaned from pain medications. (*Id.* at 2-3.)

Defendants assert that Plaintiff's pain and alleged injuries have been documented to be inconsistent with examination findings. (*Id.* at 3.) Defendants assert that Plaintiff's treating provider, Nurse Practitioner Olmstead, has made a medical decision to wean Plaintiff off of muscle relaxers, opioids, and Gabapentin, but Plaintiff is still being provided Tramadol and Cymbalta and that ibuprofen has been added to replace naproxen, but Plaintiff is now refusing ibuprofen. (*Id.* at 4-5.)

Defendants assert that Plaintiff has been provided a wheelchair as of October 26, 2020 until he is seen at a follow-up orthopedic examination and the physician provides a recommendation. (*Id.* at 5.)

In Reply, Plaintiff asserts that the injunctive relief he seeks is not moot because the relief provided is only temporary, partial, or promised. Plaintiff asserts that he is concerned that his wheelchair will be removed again if his Motion is denied, that he is being provided ineffective pain medication and is allergic to ibuprofen, and that he has not received the return of several of his assistance devices, most of his medications, and has not received the orthopedic exam recommended by a specialist in November 2019, and Plaintiff is concerned that when he is sent for the orthopedic consult, the specialist will not be provided all of medical records, which has caused issues with Plaintiff getting proper care in the past.

**III.   Injunctive Relief Standard**

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555

U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this serious questions variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted).

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

**IV. Discussion**

Throughout the briefing on this Motion, Plaintiff's medical treatment was changing and the Parties appear to agree that Plaintiff has upcoming scheduled appointments. Although Plaintiff expresses fear that if the Court does not intervene, his care will return

to the allegedly deficient care he was receiving, the Court cannot intervene in the absence of irreparable harm. On this record, the Court cannot conclude that Plaintiff will suffer irreparable harm in the absence of an injunction. *See Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (speculative injury is not irreparable injury sufficient for a preliminary injunction); *see Winter*, 555 U.S. at 22. To support a mandatory preliminary injunction for specific medical treatment, a plaintiff must demonstrate ongoing harm or the present threat of irreparable injury, not a past injury. *See Conn. v. Mass.*, 282 U.S. 660, 674 (1931) (an injunction is only appropriate "to prevent existing or presently threatened injuries"); *Caribbean Marine*, 844 F.2d at 674. Plaintiff argues that the violation of his constitutional rights is, in itself, irreparable harm, but Defendants are already required, by law, to not violate Plaintiff's constitutional rights. As of the date of the conclusion of the briefing, Plaintiff was in possession of a wheelchair and was scheduled for follow-up treatment, which would presumably determine what medications he should appropriately be given, and whether he needs ADA accommodations. As such, Plaintiff has not shown that he will suffer irreparable harm in the absence of an injunction on this record, and his Motion will be denied without prejudice.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5).

(2) Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 5) is **denied without prejudice**.

Dated this 10th day of December, 2020.

James A. Teilborg
Senior United States District Judge